IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARION EVANS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 3:24-cv-1723-DWD |
| ) | |
| PEOPLE OF THE STATE OF ILLINOIS, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

Before the Court are Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1) and Motion to Transfer the Case to the Central District of Illinois (Doc. 5). For the reasons explained below, the Motion to Transfer is **GRANTED**.

In late-2017, Petitioner pled guilty to first-degree felony murder in the Sixth Judicial Circuit Court of Macon County, Illinois. (Doc. 1, pg. 1). He was sentenced to 45 years of imprisonment. (Doc. 1, pg. 1). Macon County is located within the Central District of Illinois. At present, Petitioner is confined within the Illinois Department of Corrections at Menard Correctional Center, which is located within Randolph County, Illinois. (Doc. 1, pg. 1). Randolph County is located within the Southern District of Illinois.

The Petition was filed in this Court on July 17, 2024. On July 31, 2024, Petitioner filed the Motion to Transfer the Case to the Central District of Illinois, stating, in part:

> The reason being my case is a Central District case. My case is out of Decatur, Illinois, Macon County, Illinois. After my PLA was denied, my appellate attorney instructed me to file it [in] the Central District but with

> me following directions on the federal habeas corpus packet it said send a copy and original to the Southern District for records….
>
> Here is a copy of the instructed directions after my PLA was filed that shows I am suppose[d] to be in the Central District. Since the petition is still in the United States District Courts hopefully your honorable office can transfer my petition to the proper District since my case is not suppose[d] to be in the Southern District.

(Doc. 5).

In the context of petitions filed under § 2254, "the 'default rule' is that a § 2254 petition must be brought where Petitioner's immediate custodian is located, [citation], unless some other provision of law can be found granting another district court jurisdiction." *See Moore v. Phillips*, No. 10-cv-666, 2010 WL 4449727, *1 (S.D. Ill. Nov. 1, 2010) (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004)). Put another way, district courts are limited to granting habeas relief within their respective jurisdictions. *See id.* An exception to this "default rule" exists, however, under 28 U.S.C. § 2241(d), which states:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241(d).

Here, although the Court has "concurrent jurisdiction" over the case by virtue of Petitioner's confinement at Menard Correctional Center, the Court **FINDS** it is appropriate, based on Petitioner's representations, to transfer the case to the Central

District of Illinois. Such a transfer is also appropriate in light of the fact that, since the filing of the Petition in this case, Petitioner has apparently initiated separate § 2254 habeas proceedings in the Central District of Illinois. *See Evans v. Wills*, No. 24-cv-2187 (C.D. Ill. 2024). The Petition in that case was subject to a preliminary review, Respondent has been ordered to file a Response, and Respondent appeared by counsel. *See id.* at Docs. 2 & 3.

Accordingly, Petitioner's Motion to Transfer the Case to the Central District of Illinois is **GRANTED**. The case is **TRANSFERRED** to the United States District Court for the Central District of Illinois for such further proceedings as that Court may deem appropriate. *See Moore*, 2010 WL 4449727, at *1; 28 U.S.C. § 2241(d); *see also Gamboa v. Daniels*, 26 F.4th 410, 414 (7th Cir. 2022) ("A court 'may decline to entertain an application for a writ of habeas corpus and may transfer the application for hearing and determination to the district court having jurisdiction to entertain it.' "). The Clerk of the Court is **DIRECTED** to take the actions necessary to effectuate the transfer.

**SO ORDERED.**

Dated: October 1, 2024

                                                        *s/ David W. Dugan*
                                                      DAVID W. DUGAN
                                                      United States District Judge